UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,　　　　　　　　　　　　　　　Case No. 3:24-cr-52

vs.

MICHAEL LEE REESE,　　　　　　　　　　　District Judge Michael J. Newman

    Defendant.

---

**ORDER DENYING DEFENDANT MICHAEL LEE REESE'S MOTION TO SUPPRESS**
**(Doc. No. 29)**

---

Now before the Court is Defendant Michael Lee Reese's motion to suppress evidence (Doc. No. 29), filed through counsel. On March 14, 2025, the Court held an evidentiary hearing on Defendant's motion. Counsel for both sides attended the hearing, and City of Miamisburg Police Officer Benjamin Carter and Riverside Police Officer Brent Waler testified under oath. Following the hearing, the Government filed a memorandum in opposition. Doc. No. 37. The Court has carefully reviewed and considered each document. Accordingly, the motion is ripe for review.

**I.**

Defendant contends that police officers never explained his *Miranda* rights to him. Doc. No. 29 at PageID 85; s*ee Miranda v. Arizona,* 384 U.S. 436 (1966). Specifically, he argues his statements made on May 28, 2024—while at the scene of his arrest and later, while he was in the

hospital—were obtained in violation of his Fifth Amendment and Fourteenth Amendment rights and must be suppressed. Doc. No. 29 at PageID 87.[1]

**II.**

The Fifth Amendment provides "No person ... shall be compelled in any criminal case to be a witness against himself[.]" U.S. Const. amend. V. "To protect this right, the Supreme Court has held that in certain contexts, police must issue *Miranda* warnings before interrogating a suspect in their custody." *United States v. Lester*, 98 F.4th 768, 773 (6th Cir. 2024) (citing *Miranda*, 384 U.S. at 479). "Interrogation" includes "express questioning or its functional equivalent." *Rhode Island v. Innis,* 446 U.S. 291, 300–01 (1980). The "functional equivalent" of express questioning includes "any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Pennsylvania v. Muniz,* 496 U.S. 582, 600–01 (1990) (citing *Innis*, 446 U.S. at 291). Thus, "not ... all statements obtained by the police after a person has been taken into custody are to be considered the product of interrogation." *Innis*, 446 U.S. at 299; s*ee United States v. Lester*, 98 F.4th 768, 773 (6th Cir. 2024) ("Police questioning isn't an 'interrogation' when an officer asks about information 'he was already entitled to know' through a search incident to arrest (citing *United States v. Woods*, 711 F.3d 737, 740–42 (6th Cir. 2013))); *Miranda*, 384 U.S. at 478 ("Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence"); *United States v. Booker*, No. 92-5174, 1992 WL 322241 (6th

---

[1] In Reese's motion to suppress, he contends that his statements were obtained in violation of his constitutional rights under the Fourth Amendment and Sixth Amendment but did not meaningfully develop these issues in his brief. *See* Doc. No. 29 at PageID 84. Accordingly, the Court deems these issues abandoned. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones").

Cir. Nov. 5, 1992) ("*Miranda* warning requirements do not apply to a [Defendant's] spontaneous and voluntary utterance which is made under no compulsion to speak"); *United States v. Murphy*, 107 F.3d 1199, 1204 (6th Cir. 1997) ("where a defendant makes a voluntary statement without being questioned or pressured by an interrogator, the statements are admissible despite the absence of *Miranda* warnings").

### III.

The Government acknowledges that Miamisburg police officers did not read Reese his *Miranda* rights at the time of his arrest. Doc. No. 37 at PageID 103. There is also no dispute that Reese was in police custody. Doc. No. 29 at PageID 87; Doc. No. 37 at PageID 102. Thus, the *Miranda* issue is whether Officer Carter's question to Reese during his arrest—"Do you have anything hidden on you" (*see* Gov. Exhibit 1B)—constituted a custodial interrogation for *Miranda* purposes. *See Woods*, 711 F.3d at 740 ("In the absence of a custodial interrogation, the requirement to recite the *Miranda* warnings is not triggered . . .").

The Court finds that Officer Carter's question did not amount to an interrogation. His question was not an investigatory question or otherwise calculated to elicit an incriminating response, but rather was a natural and automatic response to the unfolding events during the normal course of an arrest. *See Woods*, 711 F.3d at 741 ("The question 'What is in your pocket?' was not an investigatory question or otherwise calculated to elicit an incriminating response, but rather a natural and automatic response to the unfolding events during the normal course of an arrest"); *Lester*, 98 F.4th at 773. Previously, officers had lawfully removed a loaded firearm from Reese's person, and Officer Carter's question was reasonable and necessary to secure the safety of the officers and the public before Reese was loaded into the back of an ambulance. *See United States v. Williams,* 483 F.3d 425, 428 (6th Cir. 2007). Additionally, the interaction did not transform into

3

an "interrogation" merely because Reese voluntarily offered "unexpected and unresponsive" statements. *See Woods*, 711 F.3d at 741 ("The unexpected and unresponsive reply cannot retroactively turn a non-interrogation inquiry into an interrogation"); *see also Innis*, 446 U.S. at 301–02. Therefore, Officer Carter's question was not an interrogation, and *Miranda* does not apply.

Officer Waler's later encounter with Reese at the hospital also did not involve an interrogation. Riverside detectives gave Reese his *Miranda* rights, and he declined to speak to them about their investigation. Officer Waler testified that the detectives then left Reese in his custody. Reese—not Officer Waler—spoke first, and Officer Waler responded by reminding Reese that he had previously told the detectives he did not want to speak to them. *See* Gov. Exhibit 1B. Officer Waler testified that Reese responded by stating, "he knows his rights and has been through this before." Officer Waler did not ask Reese any questions about the incident that occurred prior to Reese's arrest in Riverside or why Reese was in custody. *See id.* Without prompting or questioning by Officer Waler, Reese stated, "I've been smoking crack for a week straight." *Id.* After hearing this, Officer Waler did not ask Reese any questions. *Id.*

Officer Waler's credible testimony during the evidentiary hearing establishes that he did not ask Reese any questions; he reminded Reese about his previous decision not to talk to the Riverside detectives; and he heard Reese make unsolicited statements. None of this conduct rises to the level of an interrogation or its functional equivalent. *See United States v. Goist*, 59 F. App'x 757, 763 (6th Cir. 2003). Instead, the statements made by Reese at the hospital were unprompted, uncoerced, spontaneous, and voluntary statements that were not made in response to an interrogation by Officer Waler. *See United States v. Killingsworth*, No. 4:20CR158, 2020 WL 4703090, at *8 (N.D. Ohio Aug. 12, 2020), *aff'd,* No. 21-3028, 2022 WL 294083 (6th Cir. Feb. 1,

4

2022).  Therefore, the utterances Reese made while in the hospital are admissible and not subject to suppression.

## IV.

Accordingly, for all the above reasons, Reese's motion is **DENIED.**

**IT IS SO ORDERED.**

April 30, 2025                                              s/*Michael J. Newman*
                                                           Hon. Michael J. Newman
                                                           United States District Judge