UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MICHAEL LEE REESE,

    Defendant.

Case No. 3:24-cr-52

District Judge Michael J. Newman

---

**ORDER DENYING DEFENDANT'S MOTION FOR
SELF-SURRENDER (Doc. No. 55)**

---

    This criminal case is before the Court on Defendant Michael Lee Reese's motion, through counsel, for self-surrender.  Doc. No. 55.  Defendant previously pled guilty to one count of possession of a firearm after a misdemeanor domestic violence conviction, in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(8).  Doc. Nos. 50, 51.  He is currently detained at the Shelby County Jail in Shelby County, Ohio.  Defendant presently seeks an Order releasing him from detention while he awaits his sentencing hearing on November 6, 2025 "to enable him to say goodbye to his grandparents before they pass away [,] as he is facing a 96-month prison sentence in this matter."  Doc. No. 55 at PageID 205.  He also seeks permission to self-surrender to the Federal Bureau of Prisons after the Court sentences him.  *Id.*

    Once a criminal defendant pleads guilty and is "awaiting imposition or execution of sentence," the Court must detain the defendant unless it finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ."  18 U.S.C. § 3143(a)(1); *see* 18 U.S.C. § 3143(a)(2).  The Court may also release a defendant pending sentencing "if it is clearly shown that there are exceptional

reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c); *see United States v. Christman*, 596 F.3d 870, 871 (6th Cir. 2010); *see also United States v. Cook*, 42 F. App'x 803, 803–04 (6th Cir. 2002).

In the instant case, the Court has carefully considered Defendant's motion and the entire case record. Section 3143(a) mandates continuing Defendant's detention because the clear and convincing evidence fails to show he "is not likely to flee or pose a danger to any other person or the community." *United States v. Allen*, No. 1:19-cr-647, 2021 WL 4060372, at *1 (N.D. Ohio Sept. 7, 2021). Moreover, the Court cannot find the required "exceptional circumstances" to modify Defendant's detention and release him under § 3145(c). *See United States v. Wiseman*, 461 F. Supp. 3d 740, 742 (M.D. Tenn. 2020) (collecting cases) ("[T]he question of 'exceptional circumstances' arises only after the lack of a risk of flight and dangerousness factors have been met"); *cf. Allen*, No. 2021 WL 4060372, at *2 (and cases cited therein).

Accordingly, Defendant's motion for pre-sentencing release is **DENIED**. The Court anticipates considering, during Defendant's sentencing hearing, his request to self-surrender to the Federal Bureau of Prisons.

**IT IS SO ORDERED.**

October 24, 2025                                                     s/*Michael J. Newman*
                                                                     Hon. Michael J. Newman
                                                                     United States District Judge